{¶ 38} WILLAMOWSKI, J., concurring in part and dissenting inpart. I concur with the judgment of the majority in case number 1-07-19 concerning the termination of Teresa's parental rights to Roy Jr. Since Teresa conceded that she is not capable of caring for him, there is no question as to whether the termination of rights was proper. However, I dissent from the majority viewpoint regarding the termination of rights to April in case number 1-07-18 and Victor in case number 1-07-20.
 {¶ 39} To terminate the parental rights of the parents, the trial court is required to consider several factors and make findings of fact. R.C. 2151.414. Specifically, the trial court must determine "by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the *Page 19 
agency that filed the motion for permanent custody" and the "child cannot be placed with [the parent] within a reasonable time." R.C.2151.414(B)(1). When determining the best interest of a child, a trial court may not base its decision solely on the limited cognitive abilities of the parent. In re D.A., 113 Ohio St.3d 88, 2007-Ohio-1105,862 N.E.2d 829. Here, the trial court considered the factors and made findings of fact. However, all of the findings were based solely upon Teresa's low intelligence and mild retardation. Instead of considering her limited intellectual abilities as a single factor in the totality of the circumstances, the trial court made it the overriding factor upon which all considerations were based. Additionally, the trial court engaged in speculation concerning how the limited intelligence might affect Teresa's ability to be a parent.
 {¶ 40} In addition, the evidence presented to the trial court concerning April was that Teresa had managed to provide a sufficient home for the child without assistance until Roy was born. Even the expert witness of the agency testified that with assistance, Teresa could parent April. As for Victor, almost no evidence was presented that indicates that Teresa was not capable of caring for him within a reasonable period of time. The statute requires the agency to present clear and convincing evidence. A review of the evidence indicates that at best, the trial court had conflicting evidence from numerous sources concerning Teresa's abilities towards April and Victor. This is not clear and convincing evidence. *Page 20 
Given the statutory standard and the constitutional right to raise your own children, if the evidence is almost equal then any questions should be resolved in favor of the parents. Because the evidence was not clear and convincing, I dissent from the majority and would reverse the trial court in case numbers 1-07-18 and 1-07-20. *Page 1